**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-1923**

───────────

AMADEU T. PEREIRA-LIMA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A75-334-495)

───────────

Submitted: March 26, 2004        Decided: April 15, 2004

───────────

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Michael S. Caldwell, AKIN, GUMP, STRAUSS, HAUER & FELD, LLP,
Washington, D.C., for Petitioner. Peter D. Keisler, Assistant
Attorney General, Terri J. Scadron, Assistant Director, Carol
Federighi, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for
Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Amadeu T. Pereira-Lima, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals adopting the Immigration Judge's (IJ) decision to deny asylum and withholding of removal. For the reasons discussed below, we deny the petition for review.

Pereira-Lima asserts that he established eligibility for asylum, contending that he demonstrated past persecution and a well-founded fear of future persecution in Brazil on account of his homosexuality. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Pereira-Lima fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the IJ's denial of Pereira-Lima's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Pereira-Lima fails to show he is

eligible for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>